IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NATHANIEL T. BRENT, #39218                                                    PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 3:05cv507HTW-JCS

CHRISTOPHER B. EPPS, Commissioner of MDOC                       DEFENDANT

MEMORANDUM OPINION

Plaintiff Brent, an inmate of the Mississippi Department of Corrections (MDOC), incarcerated at the Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The named defendant is Christopher B. Epps, Commissioner of the Mississippi Department of Corrections.

Plaintiff states that he entered the Mississippi Department of Corrections on October 8, 2003 and was classified as a "C" custody prisoner, which means he was housed in close confinement as opposed to general population.[1]  Plaintiff claims that a new "point system" implemented by MDOC resulted in a reduction in his custody level to "D" custody on February 24, 2005.  Plaintiff submitted a copy of the first step response provided by MDOC's administrative remedy program, dated March 4, 2005, wherein it states that plaintiff's February 24, 2005 reclassification resulted in the plaintiff remaining a "C" custody level prisoner.  In the plaintiff's response filed May 25, 2006, he stated that he is currently a "C" custody prisoner. Response [doc. 12] at pg. 1.

---

[1] MDOC has a custodial classification system based on 4 main designations, with "A" custody affording the most privileges to an inmate and "D" custody providing the least amount of privileges to an inmate.  Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter I, pg. 4-5.

Plaintiff complains that under the point system of classification he is being denied "B" custody status and trusty status, along with the privileges afforded inmates with these "higher" custody levels.  Plaintiff asserts that this point system violates his rights under the Due Process, Ex Post Facto and Double Jeopardy Clauses.  In addition, the plaintiff claims that the classification system results in "discrimination" and cruel and unusual punishment.  Amended Complaint [doc. 9] at pg.1.  Plaintiff requests that this Court order defendant Epps to "override the point system" and immediately reclassify the plaintiff as a "B" custody inmate and place the plaintiff in "general population" at his institution.  Response [doc. 12] at pg. 2.  The plaintiff would also like this Court to issue and order directing defendant Epps to abolish or revise this point system of classification.  Response [doc. 12] at pg. 2.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.  As discussed below, the plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is clear that the plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated.  Meacham v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976);  Neals v. Norwood, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification).  The classification of prisoners in

certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 32 L.Ed. 2d 418 (1995). The classification of the plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life. The United States Court of Appeals for the Fifth Circuit applying Sandin has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996)(quoting Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); see also Bulger v. United States, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits); see also Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988)(prisoners do not have a constitutional right to contact visits or conjugal visits). As such, the Court finds that plaintiff has failed to state a viable due process claim regarding his custodial classification pursuant to the Mississippi Department of Corrections point system.

Likewise, the plaintiff's claims under the Ex Post Facto and Double Jeopardy Clauses are not cognizable.  The Fifth Circuit, specifically addressing a Mississippi inmate's claims regarding the point system of classification, has held that a mere change in custodial status does not amount to an "increase" in the "measure of punishment" for *ex post facto* purposes nor does the change in custody qualify as a second "punishment" for double-jeopardy purposes.  Welch v. Epps, No. 04-60179, 2004 WL 1690139, at *829 (5th Cir. Jul. 26, 2004)(citations omitted).

To the extent the plaintiff is asserting that his custodial classification is cruel and unusual punishment, his claim also falls short of being a constitutional violation.  To assert a valid claim under the Eighth Amendment's prohibition against cruel and unusual punishment, the inmate must suffer punishment that rises to the level of an "'unnecessary and wanton infliction of pain.'"  Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)).  The Court finds that the plaintiff's custody level and resulting lack of privileges is not an "unnecessary and wanton infliction of pain."  As such, the plaintiff has failed to assert a cognizable claim that his rights have been violated under the Eighth Amendment.

Finally, it appears the plaintiff may be attempting to raise an issue of equal protection by alleging that the point system of classification results in "discrimination" to inmates with life sentences.  This allegation, without more, simply does not rise to a level of constitutional deprivation.  See Thompson v. Patteson, 985 F.2d 202, 207 (5th Cir. 1993).  The classification of inmates by prison officials is rationally related to security, which is a

legitimate state purpose.  See McCord v. Maggio, 910 F.2d 1248, 1251 (5th Cir.1990)(citing Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979)(discussing the classification of prisoners by the Louisiana Department of Corrections, the Court found that "[p]rison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order"). Therefore, the plaintiff cannot maintain this action based on equal protection grounds.

In sum, the plaintiff does not have a constitutional right to a certain custodial classification level or the privileges associated with certain custody levels while in prison.  The defendant's decision to place the plaintiff in a custody level different from the custody level he would choose for himself does not amount to a constitutional violation.

## CONCLUSION

It is clear that the plaintiff does not have a constitutionally protected right to be placed in "B" custody or general population while in prison nor does the plaintiff have a constitutional right to certain privileges while in prison.  Therefore, since the plaintiff has failed to state a claim upon which relief may be granted, this complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2]  If the plaintiff receives "three strikes"

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this memorandum opinion.

SO ORDERED this the 27th day of June, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE